**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **DEWAYNE CORNELL JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 3:23-CV-00118-CDL-MSH** |
| | : | |
| **WALTON COUNTY DETENTION** | : | |
| **CENTER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, Plaintiff DeWayne Cornell Jackson, an inmate currently housed in the Walton County Jail in Monroe, Georgia, has filed a proper and complete motion for leave to proceed *in forma pauperis* (ECF No. 6).  For the following reasons, Plaintiff's motion is **GRANTED,** but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  A review of Plaintiff's submissions demonstrates that he is presently unable to pay the cost of commencing this action.  His application to proceed *in forma pauperis* (ECF No. 6) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement,

a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.       Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.        Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING

## I.        Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

3

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims arise from his incarceration at the Walton County Jail. Compl. 5, ECF No. 1. Plaintiff's handwriting is often nearly illegible, but is read to allege that "around or about (2016-2020)," he was housed in a cell that he describes as "the rubber room." *Id.* Plaintiff contends he was "tazzed unlawfully" before being placed in this cell and housed in the cell "with

4

another male naked." *Id.*  Plaintiff also alleges that at some point, an unidentified individual entered the cell, cut Plaintiff with a box cutter, and then cut himself. *Id.*  Captain Pecore, an official at the jail, investigated and appears to have charged Plaintiff criminally in connection with this incident. *Id.*  Plaintiff also states he was "rushed to the hospital," although it is unclear when this visit to the hospital occurred or whether it was connected to the box cutter incident. *Id.*  Finally, Plaintiff appears to contend that "Lagecy" has been somehow "cheat[]ing" him out of money over the last several years, perhaps by way of the kiosk in the dorm. *See id.* at 6.  Plaintiff thus contends his constitutional rights were violated, and he primarily seeks monetary damages as a result. *Id.* at 6.

### III.   Plaintiff's Claims

#### A.   Due Process Claims against "Lagecy"

Plaintiff may first be alleging that his due process rights were violated when "Lagecy" cheated him out of money.  Compl. 6, ECF No. 1.  Even if "Lagecy" is assumed to be a state actor subject to suit under § 1983, Plaintiff's allegations fail to state an actionable claim.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1).  The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.*  Plaintiff has not alleged that he has attempted to pursue a civil action based on any Defendant's actions or that such a remedy is not available to him.  He has therefore failed to state a due process claim concerning the loss of

his personal property, and any such claims he is attempting to raise against "Lagecy" or any other Defendant should be dismissed without prejudice.

B.      Claims Related to Plaintiff's Confinement in the "Rubber Room"

Plaintiff's remaining claims all appear to be related to his confinement in the "rubber room." Plaintiff has also failed to state an actionable claim concerning these allegations. First, Plaintiff has only identified two named Defendants in the body of his Complaint, Captain Pecore and Corporal Conpole. Compl. 5, ECF No. 1. Plaintiff does not plead any facts that associate either of these Defendants with a constitutional violation. Plaintiff states that Defendant Pecore investigated the box cutter incident and may have brought criminal charges against Plaintiff as a result, but Plaintiff does not explain how either of these actions violated his constitutional rights. *Id.* The same is true for Defendant Conpole, who merely transported Plaintiff to the hospital. *Id.* And although Plaintiff appears to list other individuals as Defendants in this action, *id.* at 4, he does not mention a single one of these individuals in the body of his Complaint. As such, these allegations fail to state a claim upon which relief may be granted. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

In addition, Plaintiff's claims concerning his time in the rubber room are time-barred. The limitations period for filing a § 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In Georgia, the proper limitations period for a § 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when the plaintiff knows or has

reason to know he has been injured, and he is or should be aware of who injured him.  *Id.* at 562.

Plaintiff states that the allegedly wrongful acts of Defendants occurred—and his claims therefore

accrued—at some unspecified time between 2016 and 2020.  Plaintiff did not sign his Complaint

in this case until September 30, 2023, nearly three years after the latest date his claims could have

accrued.  Compl. 6, ECF No. 1.  Plaintiff's claims are thus barred by the statute of limitations, and

they are also subject to dismissal for this reason.  *See Hughes*, 350 F.3d at 1163 (dismissal

appropriate on statute of limitations grounds where plaintiff pointed the court "to no particular

reason why the statute of limitations might be tolled in his case" and the court could "discern none

from the record").

### III.    Conclusion

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF

No. 6) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**

**without prejudice** pursuant to 28 U.S.C. § 1915A and § 1915(e).

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these

recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN**

**FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection

is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an

extension of time in which to file written objections, provided a request for an extension is filed

prior to the deadline for filing written objections.  Failure to object in accordance with the

provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.[1]

      **SO ORDERED AND RECOMMENDED**, this 14th day of December, 2023.


                          s/ Charles H. Weigle
                          Charles H. Weigle
                          United States Magistrate Judge

---

[1] It is recommended that this case be dismissed without prejudice, meaning Plaintiff could file this action again if he so chooses after dismissal. But "where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). In other words, if some or all of Plaintiff's claims are barred by the statute of limitations, then he could not successfully pursue them even if he re-files them. Thus, if Plaintiff has additional facts that could potentially state a claim or that would show that the statute of limitations has not run on any of his claims, he should file an amended complaint setting forth those facts within the time period set forth for objecting to the dismissal of this action.